UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MELODIE JANE MEIXSELL,                                    No. 10-11974

                            Debtor(s).
_____/

MELODIE JANE MEIXSELL,

                            Plaintiff(s),

         v.                                                                    A.P. No. 10-1137

RONALD DINAN, et al.,

                            Defendant(s).
_____/

Memorandum After Trial
_____

     Defendant Ronald Dinan is an attorney who defended Chapter 7 debtor and plaintiff Melodie Meixsell's nondebtor husband in a criminal matter. Meixsell seeks damages against Dinan for violation of the automatic stay based on two collection phone calls to her while the automatic stay was in effect and an arbitration notice sent to her after her discharge was entered. The procedure and standards are different for automatic stay violations and discharge injunction violations, with a private right of action for the former but not the latter, but the parties have stipulated that the court may

1

resolve both in a single decision.

Meixsell has proved no damages resulting from the two phone calls. The court gives little credence to her claim of distress at her dispute with Dinan being made public in a small community, especially since her bankruptcy is a public record and her husband's criminal activity was probably far more notorious. No proper evidence of attorneys' fees was introduced. Even if she had proved some damages, Dinan has convinced the court that he is respectful of debtors' rights in bankruptcy and has a generally effective procedure in place to honor them. However, in this case his office never received the bankruptcy notice and had no knowledge of the bankruptcy.[1] There can be no liability under § 362(k)(1) of the Bankruptcy Code unless the defendant knew about the automatic stay. *In re Ozenne,* 337 B.R. 214, 220 (9th Cir. BAP 2006).

Dinan admits that the arbitration notice was a mistake and that it violated the discharge injunction. While the court feels that this matter (and indeed, all of the allegations) should have been resolved with a phone call from one member of the local bar to another, the court finds that a small sanction is appropriate to make sure that Dinan's office is more careful in the future. Accordingly, the court will order Dinan to pay $500.00 to Meixsell as a means of discouraging future mistakes.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Each party shall bear its own costs. Counsel for Meixsell shall submit an appropriate form of judgment forthwith.

Dated: May 18, 2011

                                        Alan Jaroslovsky
                                        U.S. Bankruptcy Judge

---

[1] The court is not convinced by Meixsell's testimony that she told someone in Dinan's office about the bankruptcy. Even if she had, there would be no basis for damages if it was during the second phone call.

2